UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ABRAHAM MONGER,                          \*
                      Plaintiff          \*
                                         \* CIVIL NO.
V.                                       \*
                                         \*
DEPARTMENT OF TRANSPORTATION\*
FOR THE STATE OF CONNECTICUT,   \*
                      Defendants     \* FEBRUARY 13, 2017
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**FIRST COUNT**:     [42 U.S.C. §2000e, et seq]

1.     This is an action for money damages to redress the deprivation by the defendant, through its agents, servants and/or employees, of the rights secured to the plaintiff by the Constitution and laws of the United States, as well as those of the State of Connecticut.   Defendant, through its agents, servants and/or employees, were responsible for violating plaintiff's federal and state statutory rights, and thereby improperly deprived him the freedom and liberty afforded to all citizens of this state and country, without any cause, justification or excuse.

2.     Jurisdiction in this Court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Sec. 2000e, Title VII thereof and Article I, Section 1 and 10 of the Connecticut Constitution, which confers pendent jurisdiction upon this Court with respect to any cause of action under state law.

3.     During all times mentioned herein, the plaintiff, Abraham Monger

2

("plaintiff"), was a citizen of the United States, residing within the State of Connecticut, county of Waterbury, city of Waterbury. The plaintiff is African American of race and black of color.

4.    At all times mentioned herein, the defendant, State of Connecticut, Department of Transportation (the "defendant" or "DOT") was and is an agency which has a stated mission of providing a safe, efficient and cost-effective transportation system to the general public which is designed to meet the needs of its users. DOT employs well over 500 persons within the State of Connecticut.

5.    In or about 2008, the plaintiff became employed by the defendant as an Intern. Most recently, the plaintiff has been working as a Transportation Engineer 2 in the Office of Rail Design. His Director is Jay Young, who is Caucasian of race and white of color. Significantly, Jay Young does not have a college degree.

6.    After joining the DOT, the plaintiff passed the State of Connecticut examination for Transportation Engineer 3.

7.    In January 2016, the defendant posted a promotional job opportunity for a Transportation Engineer 3 position *four times* in the Office of Rail Design.

8.    The plaintiff is qualified for the Transportation Engineer 3 position as he has worked for the defendant for eight (8) years, six (6) of those years in the Office of Rail Design. In addition to the aforementioned experience, the plaintiff also has a Bachelor of Science Degree in Civil Engineering Technology and was on track to receive

3

a Master's Degree in Structural Engineering and has since received the same.

9.    Each time the job opportunity for Transportation Engineer 3 was posted (which the DOT revised four (4) times), the plaintiff applied for the position.

10.    Despite the fact that plaintiff clearly met the qualifications for the position of Transportation Engineer 3, he was never granted an interview.

11.    When the plaintiff asked the individual responsible, namely Jayantha Mather ("Mather"), who is Asian of race and white of color, why he was not interviewed, Mather indicated it was because he did not have a Civil Engineering degree, when in point of fact plaintiff's Civil Engineering Technology degree rendered him wholly qualified for the position.

12.    Rather than grant the plaintiff an interview, Mather instead interviewed employees from the DOT's internal departments of Highway and/or Traffic Design, all of who  were Caucasian of race and white of color. Ultimately, Brett McKiernan and Jason Vincent from Highway and/or Traffic Design  were both promoted to the posted position of Transportation Engineer 3.

13.    As a result, on March 29, 2016, plaintiff filed a Complaint of Discrimination with the DOT's Affirmative Action Office ("AAO") concerning the aforedescribed disparate treatment with respect to plaintiff being repeatedly passed over for promotions.

14.    In December 2016 the plaintiff again applied for a Transportation

4

Engineer 3 position and was finally granted an interview. Despite his extensive experience and length of service at DOT, another candidate, Jacob Boors ("Boors"), who the plaintiff actually trained and who had only been with DOT for four (4) years, was chosen for the position. Boors is Caucasian of race and white of color.

15.    It was Mather who also denied promotional opportunities to another African American Engineer in the Office of Rail Design, namely Jenelle Scott.

16.    But for the plaintiff's race and color, he would not have been treated in the harassive, discriminatory, retaliatory manner as aforedescribed. As an example, over the many years of his attempting to obtain a promotion, he noticed that he began to receive lower service ratings.

17.    The fact of the matter is, there has been a pattern and practice of the defendant treating minorities, including the plaintiff, in the aforedescribed demeaning, harassive and discriminatory manner. One by one the minority employees at the DOT have faced disparate treatment and open hostility, particularly within the Office of Rail Design.

18.    For example, it is evident that the plaintiff has not received the training provided to other employees. Mather is the person who determined who is permitted to attend training and others have attended training that plaintiff was denied.

19.    The plaintiff has repeatedly noticed a pattern and practice of discrimination within the workplace, has experienced a hostile work environment,

5

disparate treatment and retaliation created and/or perpetrated by the agents, servants and/or employees of the defendant, particularly with respect to those within management positions in the Office of Rail Design, which employs the Transportation Engineers.

20.     On or about May 25, 2016, a Complaint Affidavit was filed with the Commission on Human Rights and Opportunities, ("CHRO"), as well as the Equal Employment Opportunities Commission, ("EEOC") alleging discrimination by the defendant due to the plaintiff's race which is African-American and his color which is black.

21.     A release of jurisdiction letter was issued by the CHRO on November 14, 2016, giving plaintiff the right to commence the instant action.

22.     The acts of the agents, servants and/or employees of the defendant were in the nature of discriminatory and harassive conduct in substantial part due to his race and color, and, therefore, were in violation of 42 U.S.C. Section 2000e et seq., (hereinafter referred to as "Title VII").

23.     The actions of the defendant, through its agents, servants and/or employees, as manifested by the ongoing harassment of the plaintiff, as well as the disparate treatment to which he was subjected in relation to other employees who were Caucasian of race and white of color, amounted to discriminatory employment practices which constituted a hostile work environment, as well as discrimination, in direct violation of Title VII of the Civil Rights Act, as defendant's actions were due to

6

plaintiff's race and color.

24.     The acts of the defendant, through its agents, servants and/or employees, violated the plaintiff's civil rights afforded under 42 U.S.C. Section 2000e.

**SECOND COUNT:**          **[Equal Protection]**

1-23.     Paragraphs 1 through 23 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 23 of the Second Count, as if fully set forth herein.

24.     The disparate treatment, harassment and discrimination to which the plaintiff was subjected by the defendant, through its agents, servants and/or employees, constituted a blatant breach of the liberty and freedom from discrimination afforded by the equal protection clause, as guaranteed to all citizens of this country through the 14th Amendment to the United States Constitution.

**THIRD COUNT:**   **[Retaliation]**

1-23.     Paragraphs 1 through 23 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 23 of the Third Count as if fully set forth herein.

24.     Subsequent to plaintiff filing his CHRO Complaint Affidavit on May 25, 2016, the DOT, through its agents, servants and/or employees, continued a campaign

of retaliation on a continuous basis.

25.    By way of example, as aforementioned, the plaintiff applied for positions he was clearly qualified for and yet, the candidates chosen had less experience and less seniority than the plaintiff.

26.    Additionally, once the plaintiff acquired a Bachelor of Science degree in civil engineering, instead of allowing him to interview for the positions that became available, Mather posted the positions to the general public, thereby diminishing the opportunities for  the plaintiff to be promoted from within.

27.    As a direct result, and in retaliation for plaintiff's filing Complaints with the DOT's AAO and with the CHRO and EEOC, he was constantly subjected to disparate treatment, harassment and a hostile work environment.

28.    But for the plaintiff having participated in the aforementioned protected activity of filing complaints with the DOT's AAO, the CHRO and the EEOC, he would not have been treated in the harassive, disparate, discriminatory and hostile manner.

29.    The actions of the defendant, through its agents, servants and/or employees, as manifested by the ongoing harassment of the plaintiff, as well as the disparate treatment to which he was subjected in relation to other similarly situated Caucasian of race and white of color employees, amounted to selective discriminatory employment practices perpetrated against the plaintiff, which constituted clear and

8

unequivocal retaliation, in violation of 42 U.S.C. Sec. 2000e, as defendant's actions were due to plaintiff's engagement in protected activity.

WHEREFORE, the plaintiff claims judgment against the defendants as follows:

a.  Compensatory damages in the amount of no less than Five Hundred Thousand Dollars ($500,000.00);

b.  Punitive damages in an amount this court shall consider just and fair;

c.  Attorney's fees and the reimbursement of costs of the instant action; and

d.  Removal of all unfounded and baseless less than favorable performance appraisals imposed upon the plaintiff and presently existing in his personnel file.

e.  Such other relief as this Court shall consider to be just, fair and equitable.

PLAINTIFF, ABRAHAM MONGER

BY:___/s/_____
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511-6406
Tel. No. (203) 624-4666
Federal No. ct05747
His Attorneys

The plaintiff hereby requests a trial by jury.