**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ABRAHAM MONGER, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:17-CV-00205 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| TRANSPORTATION, | : | SEPTEMBER 11, 2017 |
|    Defendant. | : | |

**RULING RE: MOTION TO DISMISS (Doc. No. 24)**

**I.    INTRODUCTION**

The plaintiff, Abraham Monger, filed an Amended Complaint on February 27, 2017.  Amended Complaint ("Am. Compl.") (Doc. No. 11).  Monger brings three claims of employment discrimination against the Connecticut Department of Transportation ("DOT").  Id.  Count One alleges that the DOT denied Monger promotional opportunities on the basis of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., which prohibits disparate treatment, harassment, and the creation of a hostile work environment.  Am. Compl. at ¶¶ 23–25 (First Count).  Count Two alleges that the same actions also violated Monger's rights under the Equal Protection Clause of the Fourteenth Amendment.  Id. at ¶ 25 (Second Count).  Finally, Count Three alleges that the DOT further violated Title VII by retaliating against Monger for filing a complaint with the Connecticut Commission on Human Rights ("CHRO") and the Equal Employment Opportunities Commission ("EEOC").  Id. at ¶¶ 28–30 (Third Count).

The DOT filed a Motion to Dismiss all counts on April 19, 2017.  Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 24).  The DOT moves under both Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure

1

to state a claim. Mot. to Dismiss at 1. The DOT first argues that Counts One and Three should be dismissed for failure to plead exhaustion of administrative remedies. Defendant's Memorandum in Support of Motion to Dismiss ("Mem. in Supp.") (Doc. No. 24-1) at 3. The DOT also argues that Count Two should be dismissed because the Eleventh Amendment bars suit against the DOT as a state agency. Id. at 4.

For the reasons set forth below, the court grants the Motion to Dismiss as to Count Two and denies the Motion as to Counts One and Three.

## II. BACKGROUND

The DOT's Motion raises primarily procedural and jurisdictional issues, so only a brief accounting of the alleged facts from the Amended Complaint is necessary here.[1] Monger is an African-American man employed by the DOT as a Transportation Engineer 2. Am. Compl. at ¶¶ 3,5. In January 2016, he applied for two available promotions to Transportation Engineer 3 positions, but was not granted an interview despite being qualified for the positions. Id. at ¶¶ 6–10. The DOT promoted two Caucasian employees instead, at least one with less experience than Monger. Id. at ¶¶ 11–13. After filing a complaint with the DOT's Affirmative Action office, Monger again applied for a promotion to Transportation Engineer 3 in December of 2016. Id. at ¶¶ 14–15. This time, the DOT granted him an interview, but again promoted a Caucasian employee with less experience instead of Monger. Id. at ¶ 15. On May 25, 2016, Monger filed a complaint with the CHRO and the EEOC, claiming employment discrimination on the basis of race. Id. at ¶ 21. After the filing, the DOT retaliated by

---

[1] The court accepts all factual allegations in the Amended Complaint as true for the purposes of deciding a motion to dismiss. Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009).

promoting less qualified applicants and posting positions to the general public instead of considering Monger for the promotion.  Id. at ¶¶ 26–27 (Third Count).

The Amended Complaint alleges that Monger received a release of jurisdiction letter from the CHRO on November 14, 2016.  Id. at ¶ 22.  Monger then initiated the current action on February 13, 2017, and filed the Amended Complaint on February 27, 2017.  Although Monger also received a right-to-sue letter from the EEOC on February 16, 2017, the Amended Complaint did not mention or attach this letter.  See id.  The DOT moved to dismiss the entire complaint on April 20, 2017.  Mot. to Dismiss.  First, the DOT argues that the court should dismiss Counts One and Three because Monger failed to plead exhaustion of administrative remedies by neither referencing nor attaching the EEOC's right-to-sue letter to the Amended Complaint.  Mem. in Supp. at 3.  In response to the DOT's Motion to Dismiss on this ground, Monger attached the right-to-sue letter to his Memorandum in Opposition to Defendant's Motion to Dismiss.  Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Mem. in Opp.") (Doc. No. 26-1) Ex. B.  Second, the DOT argues that Count Two is barred by the Eleventh Amendment because the DOT is a state agency protected by sovereign immunity.  Mem. in Supp. at 4.

### III.  STANDARD OF REVIEW

####   A.   Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence.  Id.  In determining whether the plaintiff

3

has met this burden, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Carter v. Healthport Techs., LLC, 882 F.3d 47, 57 (2d Cir. 2016); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In contrast to Rule 12(b)(6), the court is not limited under Rule 12(b)(1) to the complaint itself, but may also consider evidence outside the pleadings, such as affidavits. Kamen American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

B. Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a complaint to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim, that plain statement must allege facts sufficient to state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While this plausibility standard does not require probability, it is not satisfied by "a sheer possibility that a defendant has acted unlawfully" or by facts that are "merely consistent with a defendant's liability." Id. (internal quotation marks omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all material factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Hemi Grp., LLC v. City of New York, 559 U.S. 1, 5 (2010); Jaghory v. N.Y. State Dep't Educ., 131 F.3d 326, 329 (2d Cir. 1997). However, the court is not required to accept as true a "legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In those instances, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In contrast to Rule 12(b)(1), under Rule 12(b)(6), the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice should be taken." Samuels v. Air Trans. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## IV. DISCUSSION

The DOT moves to dismiss all counts of the complaint. The DOT first argues that Counts One and Three should be dismissed because Monger failed to plead exhaustion of administrative remedies as required by Title VII. Mem. in Supp. at 3. The DOT further argues that Count Two is barred by sovereign immunity under the Eleventh Amendment. Id. at 4.

### A. Exhaustion of Administrative Remedies (Counts One and Three)

Counts One and Three allege that the DOT discriminated and retaliated against Monger in violation of Title VII. Am. Compl. at ¶¶ 23–25 (First Count), 28–30 (Third Count). The DOT argues that the court should dismiss these counts because Monger failed to allege in the Amended Complaint that he received a right-to-sue letter from the EEOC and thereby failed to plead exhaustion of administrative remedies, a precondition for bringing suit under Title VII. Mem. in Supp. at 3. The DOT does not specify in its Memorandum whether it brings this argument under Rule 12(b)(1) or 12(b)(6).

In light of Second Circuit precedent, the court considers the argument as if brought under Rule 12(b)(6). Exhaustion of administrative remedies is "a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement."

5

Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (internal citations omitted). Therefore, failure to exhaust is not a challenge to subject matter jurisdiction, and Rule 12(b)(1) is not appropriate here. See, e.g., Darling v. Potter, No. 3:04-CV-1467 (PCD), 2005 WL 2045951, at *3 (D. Conn. Aug. 25, 2005); Knight v. Potter, No. 3:04-CV-1456 (MRK), 2005 Wl 1413181, at *1 (D. Conn. June 2005). As such, Monger's arguments that Rule 12(b)(1) permits the court to consider evidence beyond the complaint, including the letter attached to his Opposition, is inapplicable to the DOT's argument for dismissal. Mem. in Opp. at 2.

Under Rule 12(b)(6), exhaustion of administrative remedies, while not a jurisdictional requirement, remains "an essential element of Title VII's statutory scheme and one with which defendants are entitled to insist that plaintiffs comply." Francis, 235 F.3d at 768 (internal citations omitted). A plaintiff must first file a timely complaint with the EEOC and receive a right-to-sue letter before he or she can bring a suit under Title VII in federal court. Legnani v. Alitalia Linee Aeree Italiane, SPA, 274 F.3d 683, 686 (2d Cir. 2001). Courts in this district have dismissed without prejudice complaints that failed to plead or attach the required release. See, e.g., Dragon v. Conn., No. 3:14-CV-0749 (MPS), 2014 WL 6633070, at *2 (D. Conn. Nov. 21, 2014). Therefore, Monger's Amended Complaint must plead exhaustion of remedies in order to survive the Motion to Dismiss.

While Monger received a right-to-sue letter from the EEOC on February 16, 2017 (prior to the date of the Amended Complaint on February 27, 2017), the Amended Complaint neither attaches, nor makes mention of the letter. Mem. in Supp. at 3. Monger, however, offers two arguments that his Amended Complaint nonetheless

6

sufficiently pleads exhaustion of administrative remedies. First, Monger argues that the court, in ruling on the Motion to Dismiss, should consider the right-to-sue letter attached to his Opposition. Mem. in Opp. at 4–5. Alternatively, Monger argues that, even if the court does not consider the later-attached letter, the Amended Complaint nevertheless satisfies the exhaustion requirement by pleading receipt of a release of jurisdiction from the CHRO. Mem. in Opp. at 5–6. Because the court agrees with Monger's second argument, it need not reach a decision on the first.[2]

Failure to obtain or plead a right-to-sue letter from the EEOC does not necessarily require dismissal for failure to state a claim if the plaintiff has sufficiently pled exhaustion of state administrative remedies through the CHRO. The CHRO is a deferral agency with a work-sharing agreement with the EEOC. Ortiz v. Prudential Ins. Co., 94 F. Supp. 2d 225, 231 (D. Conn. 2000). Under this agreement, charges over which the CHRO and EEOC share jurisdiction can be dual-filed, such that the CHRO is

---

[2] Because the court finds that pleading the CHRO's release of jurisdiction is sufficient to satisfy the exhaustion of administrative remedies requirement and therefore furnishes sufficient grounds to deny the Motion to Dismiss at to Counts One and Three, the court does not need to decide whether it could have considered the right-to-sue letter attached to the Memorandum in Opposition.

Rule 12(b)(6), in contrast to Rule 12(b)(1), generally restricts the court to consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken." Samuels, 992 F.2d at 15. An attachment to a memorandum opposing the Motion to Dismiss is none of the above. Following this rule, in Gibson v. State of Conn., Judicial Dep't, Court Support Servs. Div., the court refused to consider an EEOC right-to-sue letter "attached to the plaintiff's memorandum in opposition to the motion to dismiss, because the Complaint does not mention that Gibson ever received a Right-to-Sue letter from the EEOC." No. CIV.A 3:05-CV-1396 (JCH), 2006 WL 1438486, at *3 (D. Conn. May 23, 2006); see also Pelletier v. Purdue Pharma LP, No. 3:15-CV-233 (JAM), 2016 WL 3620710, at *4 (D. Conn. June 29, 2016) (dismissing the plaintiff's state law claims of sex and age discrimination because the plaintiff failed to reference or attach the CHRO right-to-sue letter to the complaint). In contrast, however, two District of Connecticut cases facing similar facts declined to dismiss when the plaintiff failed to attach the right-to-sue letter to the complaint due to an oversight, but attached it to the opposition memorandum to the motion to dismiss. John v. City of Bridgeport, 309 F.R.D. 149, 153 (D. Conn. 2015) (declining to dismiss when the defendant's reply failed to address the exhaustion requirement after the letter was attached to the opposition memorandum); Gaynor v. Martin, 77 F. Supp. 2d 272, 280 (D. Conn. 1999) (holding that the attachment of the letter to the memorandum mooted the issue).

7

authorized to accept charges for the EEOC. Id. When a plaintiff has exhausted the state procedures and received a release of jurisdiction from the CHRO, "the EEOC normally adopts the finding of the state agency as its own." Id. Therefore, "exhaustion of state procedures through the CHRO allows plaintiff to proceed with her state and federal claims." Pruitt v. Mailroom Tech., Inc., No. 3:06-CV-1530 (WWE), 2007 WL 2302285, at *3 (D. Conn. Aug. 9, 2007).

Based on this work-sharing relationship, courts in this district have declined to dismiss the complaint if the plaintiff failed to include the EEOC right-to-sue letter, but did include the CHRO release of jurisdiction instead. See, e.g., Farzan v. Bridgewater Assocs., No. 3:16-CV-00935 (SRU), 2017 WL 354685, at *7 (D. Conn. Jan. 24, 2017); Burke v. Also Cornerstone, No. 3:07-CV-889 (MRK), 2007 WL 3046193, at *1–2 (D. Conn. Oct. 12, 2007); Ortiz, 94 F. Supp. 2d at 231. In these instances, "[a]s the purposes of the exhaustion requirement—to provide notice to parties charged with violations and to facilitate voluntary compliance should the investigating agency find merit in the complaint—have been served by the state proceeding, the Court does not view the omission of the actual right-to-sue letter as grounds for dismissal." Ortiz, 94 F. Supp. 2d at 231 (internal citations omitted). In some cases, the court specifically cited the fact that the CHRO release references both the CHRO and EEOC charge numbers as evidence that exhaustion of the federal claims has been satisfied and sufficiently pleaded. See Burke, 2007 WL 3046193, at *2; Ortiz, 94 F. Supp. 2d at 230.

Monger's case is functionally the same as Ortiz and Burke. Monger's Amended Complaint pleads that he filed a timely complaint with both the CHRO and the EEOC on May 25, 2016 and that he received a release of jurisdiction letter from the CHRO on

8

November 14, 2016. Am. Compl. at ¶¶ 21–22. Like the plaintiffs in Ortiz and Burke, Monger's release of jurisdiction letter from the CHRO cites both the CHRO charge number (1610566) and the EEOC charge number (16A-2016-01877). Mem. in Opp. Ex. A. As the two charges raise the same claim of race discrimination, Monger's exhaustion of state administrative proceedings—and his pleading of that exhaustion—provided sufficient notice to DOT of the alleged violations and an opportunity for voluntary compliance. Thus, the purposes of exhaustion are satisfied in this case. Furthermore, Monger actually did exhaust federal administrative remedies and received an EEOC right-to-sue letter. His failure was not a failure to exhaust, but merely a failure to plead that he had received the letter or to attach it to the Amended Complaint.

By pleading exhaustion of state administrative remedies and receipt of the CHRO's release of jurisdiction, Monger has satisfied the precondition required to bring suit under Title VII and stated a claim upon which relief can be based, even without relying on the EEOC's right-to-sue letter attached to his Opposition. Accordingly, the DOT's Motion to Dismiss as to Counts One and Three is denied.

    B.    <u>Eleventh Amendment Sovereign Immunity (Count Two)</u>

Count Two alleges that the DOT violated Monger's right to equal protection of the laws under the Fourteenth Amendment by discriminating against him on the basis of his race. Am. Compl. at ¶ 25 (Second Count). The DOT moves to dismiss this count under Rule 12(b)(1) for lack of subject matter jurisdiction. Mot. to Dismiss at 4. The DOT argues that the Eleventh Amendment prohibits suit against the state and its agencies, including the DOT. Id. The court agrees with the DOT, and Count Two is dismissed.

The Eleventh Amendment prohibits suit against a state as a defendant in federal court, absent consent of the state or abrogation by Congress. Pennhurst State Sch. &

Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This immunity extends not only to states themselves, but also to state agencies or state officers in their official capacity. Id.; see, e.g., Smith v. Conn. Dep't Corr., No. 3:13-CV-00828 (VLB), 2014 WL 3824357, at *6 (D. Conn. Aug. 4, 2014) (holding that the Eleventh Amendment bars suit against the Connecticut Department of Corrections). Congress may abrogate a state's or its agency's Eleventh Amendment immunity pursuant to its powers under Section 5 of the Fourteenth Amendment. Santiago v. New York State Dep't Corr. Servs., 945 F.2d 25, 28 (2d Cir. 1991). However, where Congress has not done so expressly, the Fourteenth Amendment itself does not abrogate the Eleventh Amendment and authorize such suit. Id. Nor does section 1983 in this case because a state agency, such as the DOT, is not a "person" for purposes of Section 1983. Will v. Mich. Dep't State Police, 491 U.S. 58, 64 (1989); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998).

As a state agency, the DOT is protected by the Eleventh Amendment. Monger is therefore prohibited from suing the DOT on his equal protection claim, and Count Two should be dismissed.

Monger offers two arguments against dismissal of Count Two. The court finds neither to be persuasive. First, Monger argues that the Amended Complaint should be read as seeking declaratory or injunctive relief and therefore as falling into an exception to sovereign immunity. Mem. in Opp. at 7. To the extent that Monger seeks to argue for an exception under Ex parte Young, he misunderstands that doctrine. Ex parte Young provides that an exception to the Eleventh Amendment exists when a party sues a state official to enjoin an unconstitutional action. Pennhurst, 465 U.S. at 102. The Ex parte Young exception does not apply, however, when the party sues for injunction

10

instead against a state agency or the state itself.  See, e.g., Williamson v. Psychiatric Sec. Review Bd., No. 3:13-CV-00578 (VLB), 2014 WL 1306324, at *4 (D. Conn. Mar. 31, 2014) (holding that Ex parte Young did not apply to the Psychiatric Security Review Board, an agency of the State of Connecticut).  To the contrary, Eleventh Amendment sovereign immunity for states and state agencies "applies regardless of the nature of the relief sought," including to declaratory and injunctive relief.  Pennhurst, 465 U.S. at 100 (citing Missouri v. Fiske, 290 U.S. 18, 27 (1933)).  In this case, then, for Ex parte Young to apply, Monger would have had to sue a state official, such as the DOT employee responsible for making decisions about promotions.  Because Monger did not do so, but instead sued the DOT itself, his claim—even if for injunctive or declarative relief—is still barred by the Eleventh Amendment and must be dismissed.

Alternatively, Monger argues that Count Two is not limited to the United States Constitution, but also seeks relief under the equal protection provision of the Connecticut Constitution.  Mem. in Opp. at 6.  However, Monger's Amended Complaint does not plead a claim under the Connecticut Constitution.  Count Two of the Amended Complaint makes no mention of the Connecticut Constitution, stating only that the DOT violated Monger's rights "afforded by the equal protection clause, as guaranteed to all citizens of this country through the 14th Amendment of the United States Constitution." Am. Compl. at ¶ 25 (Second Count).  In Monger's Opposition, he argues that "nowhere in Count Two does he state that he is solely relying on the Fourteenth Amendment of the United States Constitution" because "the complaint begins by comprehensively invoking the Constitution and laws of the United States, as well as those of the State of Connecticut."  Mem. In Supp. at 6.  Merely mentioning the state constitution, however, is

not sufficient to state a claim upon which relief can be based. In effect, then, Monger's state constitutional argument is absent from the Amended Complaint and raised for the first time in his Opposition Memorandum.

Furthermore, even if Monger had pled a claim under the Connecticut Constitution in the Amended Complaint, that claim would still be subject to dismissal. Conn. Const. § 20 ("Section 20") states, "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin." Conn. Const. § 20. However, the Connecticut Supreme Court has not recognized a private cause of action under Section 20. See Spector v. Bd. Trustees Cmty.-Tech. Colleges, 463 F. Supp. 2d 234, 254 (D. Conn. 2006); Ward v. Housatonic Area Reg'l Transit Dist., 154 F. Supp. 2d 339, 356 (D. Conn. 2001) (citing Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314, 339 (D. Conn. 1993)). Several Connecticut Superior Courts have considered the issue and refused to do so. Wylie v. West Haven, No. CV065006403, 2010 WL 2196493, at *2 (Conn. Super. Apr. 21, 2010) (listing Connecticut Superior Court cases finding no private cause of action under Section 20).

Because Connecticut state courts have not created a private cause of action under Section 20, "whether or not to do so raises a novel or complex issue of state law." Crowley v. Town of Enfield, No. 3:14-CV-01903 (MPS), 2015 WL 4162435, at *4 (D. Conn. July 9, 2015). "When faced with state law claims that raise novel and complex issues of state law, a district court, in its discretion, may decline to exercise supplemental jurisdiction over such claims." Silvera v. Conn. Dep't Corr., 726 F. Supp. 2d 183, 199 (D. Conn. 2010). As a result, federal district courts in Connecticut have

declined supplemental jurisdiction over claims under Section 20.  See, e.g., Silvera, 726 F. Supp. 2d at 199-200; Marinella v. Town of Darien, No. 3:07-CV-910 (CFD), 2010 WL 3123298, at *5 (D. Conn. Aug. 9, 2010).  To the extent that Monger argues that Count Two of the Amended Complaint is based on Section 20 of the Connecticut Constitution, the court here does the same and declines jurisdiction over the claim.

Under the Fourteenth Amendment, Count Two should be dismissed as barred by the Eleventh Amendment. Had Monger brought the claim instead under the Connecticut Constitution—which he mentions in his Opposition, but not in the Amended Complaint—the court would decline to exercise supplemental jurisdiction, and the action would still be dismissed. Accordingly, the DOT's Motion to Dismiss Count Two is granted.

## V. CONCLUSION

For the above-stated reasons, the Motion to Dismiss (Doc. No. 24) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **DENIED** as to Counts One and Three of the Amended Complaint and **GRANTED** as to Count Two.  Monger is given leave to replead Count Two if he can do so consistent with the law of equal protection and name a defendant against whom suit is not barred by the Eleventh Amendment.

**SO ORDERED.**

Dated at New Haven, Connecticut this 11th day of September, 2017.

/s/ Janet C. Hall _____
Janet C. Hall
United States District Judge